**E-Filed 5/8/2007**

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DENNIS DUANE WEBB,<br><br>  Plaintiff,<br><br>  v.<br><br>A. SCHWARZENEGGER, Governor, et al.<br><br>  Defendants. | Case Number C 07-2294 JF<br><br>ORDER[1] RE MOTION THAT THE COURT SCREEN PLAINTIFF'S COMPLAINT<br><br>[re: docket no. 2] |

On February 6, 2007, Plaintiff Dennis Duane Webb, a prisoner incarcerated at San Quentin State Prison, filed a complaint in Marin County Superior Court seeking injunctive and declaratory relief stating that officials within the Bureau of Prisons had violated his constitutional rights and the Americans with Disabilities Act by providing him with inadequate medical care. On April 27, 2007, Defendants removed the action to this Court and moved that the Court screen the complaint under 28 U.S.C. § 1915A. That section provides:

> (a) Screening.--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

---

[1] This disposition is not designated for publication and may not be cited.

Case No. C 07-2294 JF
ORDER RE MOTION THAT THE COURT SCREEN PLAINTIFF'S COMPLAINT
(JFLC1)

Dockets.Justia.com

    (b) Grounds for dismissal.--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
        (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
        (2) seeks monetary relief from a defendant who is immune from such relief.
    (c) Definition.--As used in this section, the term "prisoner" means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program.

Defendants assert that the relief sought is barred because such relief should be sought in one of four pending class-actions in which Plaintiff is a member of the class.

    Having considered the motion, the Court adopts the following briefing schedule: Plaintiff shall file any opposition to the dismissal of this action on or before May 22, 2007. Defendants shall file any reply on or before May 29, 2007.[2] After the Court has received those filings, it will determine whether oral argument is appropriate.

    Defendants have waived their right to reply to the complaint under 42 U.S.C. § 1997e(g). Defendants request that, if the Court does not dismiss the complaint, they be allowed to file a collective responsive pleading within sixty days of the service of the last defendant. That request will be granted.

IT IS SO ORDERED.

DATED: May 8, 2007

_____
JEREMY FOGEL
United States District Judge

---

[2] The parties should abide by the page counts articulated in Civ. L.R. 7-3.

1  This Order has been served upon the following persons:

2  Scott John Feudale          Scott.Feudale@doj.ca.gov, marisela.luna@doj.ca.gov,
                               docketingSFCLS@doj.ca.gov
3
   Notice will be delivered by other means to:
4
   Statia Peakheart
5  Federal Public Defender's Office
   321 East 2nd St
6  Los Angeles, CA 90012-4206

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3
Case No. C 07-2294 JF
ORDER RE MOTION THAT THE COURT SCREEN PLAINTIFF'S COMPLAINT
(JFLC1)