UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DENNIS DUANE WEBB,

          Plaintiff,

  vs.

A. SCHWARZENEGGER, Governor; MICHAEL GENEST, Director, Department of Finance; CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION; JAMES E. TILTON, Acting Secretary, California Department of Corrections and Rehabilitation; PETER FARBER-SZEKRENYI, M.D., Director, Division of Correctional Health Care Services; ROBERT L. AYERS, JR., Acting Warden, San Quentin State Prison; KAREN SAYLOR, M.D., Chief Medical Officer, San Quentin State Prison; DR. WILSON, M.D.; JOEL LOPIN, M.D; C, DAVID, M.D., WILLIAM WILLIAMS, M.D., C.F. STONE, D.D.S.; AND DOES 1-18, medical assistants and correctional officers,

          Defendants.

          No. C 07-2294 PJH

          **DISMISSAL ORDER**

_____/

    This is a civil rights case brought by plaintiff Dennis Webb ("Webb"), a prisoner at San Quentin State Prison. On February 6, 2007, Webb filed a complaint in the Marin County Superior Court alleging three claims for equitable and injunctive relief, two under 42 U.S.C. § 1983 and one under the Americans with Disabilities Act ("ADA") and Section 504 of the Rehabilitation Act. On April 7, 2007, all served defendants filed a notice of removal,

and the case was assigned to the Honorable Jeremy Fogel.[1] On May 8, 2007, Judge Fogel granted defendants' motion requesting the court screen Webb's complaint under 28 U.S.C. § 1915A, and set a briefing schedule on defendants' motion to dismiss the complaint. The motion was fully briefed on May 29, 2007, and remained fully briefed and submitted at the time of reassignment to the undersigned judge on September 27, 2011.

## DISCUSSION

### A. Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at 1915A(b)(1),(2).

### B. Plaintiff's Claims

Webb alleges three claims for relief. Webb's first and third claims are brought under § 1983, and in both claims, he asserts that the defendants named in conjunction with those claims were deliberately indifferent to his medical needs in violation of the cruel and unusual punishment clause of the Eighth Amendment to the United States Constitution. In his second claim, brought under the ADA and Rehabilitation Act, Webb asserts that he is a qualified individual under both acts, and that as a result of the defendants' policies and practices resulting in inadequate medical care, he has been excluded from recreation and yard time, meals, visiting, discipline, telephone, emergency procedures, and other programs and services provided by defendants to which he is otherwise qualified.

In support of all three claims, Webb states that defendants failed to timely provide the prescribed diet and medications necessitated by his various medical conditions, and

---

[1] In its April 27, 2007 notice of removal, the California Attorney's General's Office, which represents defendants, notes that the California Department of Corrections and Rehabilitation ("CDCR") and Dr. Wilson had not been served, and therefore, that no appearance was made on their behalf.

2

also failed to provide timely and adequate medical treatment, including dental care. Webb seeks only equitable and injunctive relief with respect to all three claims.

Meanwhile, Webb is a class member in three class actions pending before this court, including *Plata v. Schwarzenegger*, No. C 01-01351 TEH (N.D. Cal. filed 2001), *Armstrong v. Brown*, No. C 94-2307 CW (N.D. Cal. filed 1994)*,* and *Perez v. Cate*, No. C 05-5241 JSW (N.D. Cal. filed 2005).[2] The three class actions involve the same subject matter, adequacy of medical and dental care, as Webb's claims here.

The class in *Plata* includes all current and future California inmates requiring medical care under the medical care system operated by the CDCR. Plaintiffs claimed that the CDCR is providing constitutionally deficient medical care in violation of the Eighth Amendment, and that the current systems and resources cannot properly care for and treat the prisoners in custody. They sought injunctive relief compelling defendants to immediately furnish them with constitutionally adequate medical care. The State of California stipulated to a remedial injunction, with which it failed to comply.

A three-judge court was convened,[3] which issued a remedial order requiring the State to reduce the prison population to 137.5% of the prisons' design capacity within two years, which, absent compliance through other means, would involve releasing some prisoners before their full sentences have been served. *See Brown v. Plata*, 131 S. Ct. 1910, 1928 (2011). The State appealed the order of the three-judge court and the Supreme Court affirmed the remedial order, directing the State to implement the order "without further delay." *Id.* at 1947.

Similarly, the class in *Perez* includes current and future California inmates housed at one of California's thirty-three state prisons. *See Perez v. Cate*, 632 F.3d 553, 554 (9th Cir.

---

[2] At the time defendants filed their reply brief on May 29, 2007, Webb was also a member of fourth pending class action, *Lancaster v. Tilton*, No. C 79-1630 WHA (N.D. Cal. filed 1979). However, on April 14, 2009, the assigned judge entered an order terminating the consent decree and the case.

[3] The three-judge court consolidated *Plata* with another federal class action, *Coleman v. Wilson*, 912 F. Supp. 1282 (E.D. Cal. 1995), which involved a class of prisoner-plaintiffs with serious mental disorders.

3

2011). Plaintiffs claimed that the provision of dental care in California prisons violated the Eighth Amendment. The parties settled the action and entered into a remedial plan which provided, among other things, that plaintiffs would monitor the prison officials' implementation of the plan. *Id.* at 554.

Finally, the class in *Armstrong* includes all present and future California state prisoners and parolees under the care of the CDCR who are qualified individuals under the ADA and section 504 of the Rehabilitation Act, and who have been denied access to programs, services, and activities run by the CDCR and have been confined in or use facilities operated by and under the control of the CDCR. Plaintiffs' ADA and Rehabilitation Act claims concern the accessibility of qualified prisoners to buildings, facilities and programs, including educational, vocational, work furlough and work credit, recreational, visiting, classification, disciplinary and emergency programs.

In their motion before this court, defendants contend that dismissal is required given Webb's membership in the above class actions. Webb opposes the motion, arguing that his individual claims are not being litigated within the boundaries of the class action lawsuits and that the relief that he seeks is different. His primary argument is that he seeks individual relief as opposed to the systemic relief sought in the other class actions.

Having reviewed Webb's complaint and the documents submitted by defendants in conjunction with their request for judicial notice, the court concludes that Webb's current complaint seeking equitable and injunctive relief involves the very same events and same claims being litigated in the above class actions. Individual suits for injunctive and equitable relief from alleged unconstitutional prison conditions cannot be brought where there is a pending class action suit involving the same subject matter. *McNeil v. Guthrie*, 945 F.2d 1163, 1165 (10th Cir. 1991); *Gillespie v. Crawford*, 858 F.2d 1101, 1103 (5th Cir. 1988) (en banc). Individual members of the class, like Webb, "may assert any equitable or declaratory claims they have, but they must do so by urging further actions through the class representative and attorney, including contempt proceedings, or by intervention in the class action." *Id.* For these reasons, dismissal is appropriate because the relief sought by

4

Webb can be granted only in the class actions. *See Spears v. Johnson*, 859 F.2d 853, 855 (11th Cir. 1988), *vacated in part on other grounds*, 876 F.2d 1485 (11th Cir. 1989); *Gillespie*, 858 F.2d at 1102.

## CONCLUSION

For the foregoing reasons, defendants' motion is GRANTED, and the complaint is DISMISSED.

**IT IS SO ORDERED.**

Dated: January 19, 2012

PHYLLIS J. HAMILTON
United States District Judge